IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                            4:16-CR-00233-02-JM

ROBERT BROWN

**ORDER**

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 596) is DENIED.

**I.   BACKGROUND**

On October 2, 2018, Defendant pled guilty to one count of conspiracy to possess with intent to distribute and distributing methamphetamine.[1] On January 9, 2019, he was sentenced to 96 months in prison.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4]

---

[1] Doc. Nos. 431, 432.

[2] Doc. Nos. 485, 486.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

Defendant alleges that he requested compassionate relief from the warden in April 2020. However, he also submitted a request on July 20, 2020, and thirty days has not passed since he submitted that request. Accordingly, this Court does not have jurisdiction to consider the request.

Even if the Court had jurisdiction, the request would be denied. Defendant seeks compassionate release based on his diabetes, high cholesterol, and pancreatitis. First, diabetes, high cholesterol, and pancreatitis are not "extraordinary and compelling" reasons warranting release. Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5] Diabetes, high cholesterol, and pancreatitis are not listed. Defendant's health issues are common, so there is nothing extraordinary and compelling about them.[6] Furthermore, Defendant has provided no argument or evidence that his diabetes, high cholesterol, and pancreatitis are not controlled with medication. Second, "fear of contracting COVID-19 or of experiencing more intense symptoms

---

[5] Of course, this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n. 1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (I) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(I) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6] *United States v. Mitchell*, No. 5:10-CR-50067-001, 2020 WL 544703, at *3 (W.D. Ark. Feb. 3, 2020)("The medical conditions about which Mr. Mitchell complains are arguably due to the aging process, but the Court is not convinced that ordinary geriatric ailments, including back pain, rise to the level of 'extraordinary and compelling reasons' that are required to grant compassionate release under 18 U.S.C. § 3582(c)(1)(A)(I).").

than the average person are not extraordinary or compelling enough reasons for release."[7]  Third, Defendant is 41 years old and has served less than 25% of his sentence, which means he does not meet the age and minimum served-time requirement under the Guidelines.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has ten prior criminal convictions, including convictions for disorderly conduct, attempted burglary, and obstructing governmental operations.

The severity of the instant offense must also be considered. Defendant conspired to distribute and distributed large amounts of methamphetamine in Blytheville, Arkansas for several years.  On August 23, 2015, Defendant was arrested in Oklahoma City, Oklahoma while transporting approximately four pounds of methamphetamine from California to Blytheville, Arkansas.  In June 2016, law enforcement agents searched Defendant's residence and found three firearms and ammunition for the firearms.  In October 2016, officers served an arrest warrant on Defendant and during the arrest they found marijuana and several more firearms.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 596) is DENIED.

IT IS SO ORDERED, this 10th day of August, 2020.

_____
UNITED STATES DISTRICT JUDGE

---

[7] *United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).